**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
TRAN NGUYEN (SBN 301593)
*tran@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

***Counsel for Plaintiff Zenbu Magazines LLC,
and the Putative Class***

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENBU MAGAZINES LLC, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SONY COMPUTER ENTERTAINMENT AMERICA LLC, and SONY ENTERTAINMENT NETWORK INTERNATIONAL LLC, <br><br> Defendants. | Case No.: 15-cv-310 <br><br> <u>CLASS ACTION</u> <br><br> **COMPLAINT FOR:** <br><br> **VIOLATION OF CAL. CIV. CODE § 980(a)(2);** <br><br> **VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.;** <br><br> **MISAPPROPRIATION; and** <br><br> **CONVERSION** <br><br> <u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Zenbu Magazines LLC ("Zenbu"), on behalf of itself, all others similarly situated, and the general public, by and through its undersigned counsel, hereby brings this action against defendants Sony Computer Entertainment America LLC, and Sony Network Entertainment International LLC (collectively, "Sony"), and alleges the following upon its own knowledge, or where it lacks personal knowledge, upon information and belief including the investigation of its counsel.

## INTRODUCTION

1. Sony operates and offers to the general public a streaming music service called Music Unlimited, which is available through the Sony PlayStation video game console, online through an Internet browser, and through applications for certain Android, Apple (iOS), and Windows smartphones and tablets.

2. Included in the Music Unlimited library are sound recordings of musical performances that initially were "fixed" (that is, in a tangible medium, i.e., recorded) prior to February 15, 1972, for which Sony has not obtained the recordings' owners' authorization to perform, and for which Sony does not and has not paid the recordings' owners royalties or licensing fees when it performs the recordings.

3. Sony has copied tens of thousands of pre-1972 sound recordings to its servers, transmitting and performing them via Music Unlimited to its millions of users on a daily basis, without any authorization. Sony profits from its unauthorized reproduction, distribution, and public performance of pre-1972 recordings by charging subscription fees to its users, without paying royalties or licensing fees for pre-1972 recordings.

4. Because Sony operates Music Unlimited without licenses for pre-1972 sound recordings, Sony is liable under California law for violation of Cal. Civ. Code § 980(a)(2), violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, misappropriation, and conversion.

5. Zenbu owns all right, title, and interest in and to a library of pre-1972 sound recordings, several of which Sony has reproduced, distributed, and performed without paying Zenbu any royalties or licensing fees. Zenbu brings this action on behalf of itself and

1    similarly-situated owners of pre-1972 recordings that have been reproduced, distributed, and

2    performed by Sony without paying royalties or licensing fees.

3                                    **THE PARTIES**

4           6.     Plaintiff Zenbu Magazines LLC is a New York limited liability company with

5    its principal place of business in Brooklyn, New York.

6           7.     Defendant Sony Computer Entertainment America LLC is a Delaware limited

7    liability company with its principal place of business at 2207 Bridgepointe Parkway, San

8    Mateo, California 94404.

9           8.     Defendant Sony Entertainment Network International LLC is a Delaware

10   limited liability company with its principal place of business at 6080 Center Drive, 10th Floor,

11   Los Angeles, California 90045.

12          9.     The Sony defendants together own and operate Music Unlimited.

13                             **JURISDICTION AND VENUE**

14          10.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §

15   1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the

16   sum or value of $5,000,000 exclusive of interest and costs and at least one member of the

17   class of plaintiffs is a citizen of a State different from defendant.  In addition, more than two-

18   thirds of the members of the class reside in states other than the state in which defendant is a

19   citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28

20   U.S.C. § 1332(d) do not apply.

21          11.    The Court has personal jurisdiction over defendant pursuant to Cal. Code Civ.

22   P. § 410.10, as a result of defendant's substantial, continuous and systematic contacts with

23   the State, and because defendant has purposely availed itself of the benefits and privileges of

24   conducting business activities within the State.

25          12.    Venue is proper in this Northern District of California pursuant to 28 U.S.C. §

26   1391(b) and (c), because defendant resides (i.e., is subject to personal jurisdiction) in this

27

28

                                            2

district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## INTRADISTRICT ASSIGNMENT

13.     Pursuant to N.D. Cal. Civ. L.R. 3-2(c), (d) & 3-5(b), this action is properly assigned to the San Francisco or Oakland Division because the action arises in San Mateo County in that a substantial part of the events or omissions which give rise to plaintiff's claims occurred in San Mateo, the principal location of defendant Sony Computer Entertainment America LLC.

## FACTS

14.     Music Unlimited is provided by Sony to paying and non-paying members of the public throughout the United States. Sony delivers and streams music through its website (www.playstation.com/en-us/explore/playstationnetwork/musicunlimited), through its PlayStation video game consoles, and via downloadable applications for certain Android, Apple (iOS), and Windows smartphones and tablets. In marketing the Sony Music service, Sony represents that subscribers have access to millions of songs.

15.     Sony provides the Music Unlimited on a one-month free trial basis for new users, and on a subscription basis for $4.99 per month (the so-called "Access Plan," which allows a subscriber to "enjoy at home," by using the service on a PlayStation or online on a PC or Mac computer), or $9.99 per month (the so-called "Premium Plan," which allows a subscriber to "listen on the go," by using the service on a PlayStation or Sony Blu-Ray Disc player, online on a PC or Mac, or on certain mobile devices).

16.     Among the sound recordings that Sony publicly performs, reproduces, and distributes on an ongoing and regular basis are pre-1972 recordings, including recordings owned by Zenbu (the "Zenbu Recordings"), specifically:

| Artist | Album | Song(s) | Date of Recording |
|--------|-------|---------|-------------------|
| The Flying Burrito Brothers | The Gilded Palace of Sin | Sin City | 1969 |

3

| Artist | Album | Song(s) | Date of Recording |
|--------|-------|---------|-------------------|
| Hot Tuna | Historic Live Tuna (taken from Classic Hot Tuna Acoustic) | New Song (for the Morning) | April 30, 1971 |
| Hot Tuna | Historic Live Tuna (taken from Classic Hot Tuna Acoustic) | Been So Long | April 30, 1971 |
| Hot Tuna | Historic Live Tuna (taken from Classic Hot Tuna Acoustic) | Oh Lord, Search My Heart | April 30, 1971 |
| Hot Tuna | Historic Live Tuna (taken from Classic Hot Tuna Acoustic) | True Religion | April 30, 1971 |
| Hot Tuna | Historic Live Tuna (taken from Classic Hot Tuna Acoustic) | Space Jam | April 30, 1971 |
| Hot Tuna | Historic Live Tuna (taken from Classic Hot Tuna Electric) | Intro by Bill Graham/Rock Me Baby | July 3, 1971 |
| Hot Tuna | Historic Live Tuna (taken from Classic Hot Tuna Electric) | Want You to Know | July 3, 1971 |
| Hot Tuna | Historic Live Tuna (taken from Classic Hot Tuna Electric) | Come Back Baby | July 3, 1971 |
| New Riders of the Purple Sage | Before Time Began | Henry | 1968-69 |
| New Riders of the Purple Sage | Before Time Began | All I Ever Wanted | 1968-69 |
| New Riders of the Purple Sage | Before Time Began | Last Lonely Eagle | 1968-69 |
| New Riders of the Purple Sage | Before Time Began | Cecilia | 1968-69 |

4

| Artist | Album | Song(s) | Date of Recording |
|---|---|---|---|
| New Riders of the Purple Sage | Before Time Began | Garden of Eden | 1968-69 |
| New Riders of the Purple Sage | Before Time Began | Superman | 1968-69 |

17.    In order to stream music recordings to the public, Sony has reproduced and copied, and continues to reproduce and copy, pre-1972 sound recordings, including to one or more servers and storage devices, and uses technology or systems that result in a copy of pre-1972 recordings being distributed to its subscribers' computers or storage devices.

18.    Sony is aware that it does not have any license, right, or authority to reproduce, perform, distribute, or otherwise exploit via Music Unlimited any pre-1972 sound recordings, including the Zenbu Recordings.

19.    Sony is also aware which of the recordings it reproduces, performs, and distributes or otherwise exploits via the Music Unlimited are pre-1972 sound recordings.

## CLASS ACTION ALLEGATIONS

20.    Zenbu seeks to represent a class comprised of all owners of sound recordings of musical performances that initially were "fixed" (*i.e.*, recorded) prior to February 15, 1972, which sound recordings were reproduced, performed, distributed, and/or otherwise exploited by Sony via its Sony Music service, and for which Sony was not authorized or licensed to reproduce, perform, distribute, or otherwise exploit.

21.    <u>Numerosity</u> – The members in the proposed class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all class members in a single action will provide substantial benefits to the parties and Court.

22.    <u>Commonality</u> – Common questions of law and fact exist as to all members of the putative class and subclass, which do not vary from member to member, and which may be resolved without reference to individual facts and circumstances include, without limitation:

*Zenbu Magazines LLC v. Sony Computer Entertainment America LLC et al.*, No. 15-cv-310
CLASS ACTION COMPLAINT

a. Whether Sony reproduced, performed, distributed or otherwise exploited via the Music Unlimited pre-1972 sound recordings;

b. Whether Sony was authorized by the owners of the sound recording copyrights to reproduce, perform, distribute, or otherwise exploit via Music Unlimited pre-1972 sound recordings;

c. Whether Sony paid royalties or licensing fees for pre-1972 sound recordings that it reproduced, performed, distributed, or otherwise exploited via the Music Unlimited;

d. Whether Sony's reproduction, performance, distribution, or other exploitation via the Music Unlimited of pre-1972 sound recordings constitutes a violation of Cal. Civ. Code § 980(a)(2);

e. Whether Sony's reproduction, performance, distribution or other exploitation via the Music Unlimited of pre-1972 sound recordings constitutes an unfair business practice in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

f. Whether Sony's reproduction, performance, distribution or other exploitation via the Music Unlimited of pre-1972 sound recordings constitutes misappropriation;

g. Whether Sony's reproduction, performance, distribution or other exploitation via the Music Unlimited of pre-1972 sound recordings constitutes conversion;

h. The proper equitable, injunctive, and prospective relief;

i. The proper amount of actual or compensatory damages;

j. The proper amount of restitution or disgorgement;

k. The proper amount of punitive damages; and

l. The proper amount of reasonable litigation expenses and attorneys' fees.

*Zenbu Magazines LLC v. Sony Computer Entertainment America LLC et al.*, No. 15-cv-310
CLASS ACTION COMPLAINT

23.   <u>Typicality</u> – Zenbu's claims are typical of the claims of members of the class in that they are based on the same underlying facts, events, and circumstances relating to Sony's conduct. Zenbu's interests are consistent with, and not antagonistic to, those of the other class members it seeks to represent.

24.   <u>Adequacy</u> – Zenbu will fairly and adequately represent and protect the interests of the class, has no interests incompatible with the interests of the class, and has retained counsel competent and experienced in class action and music copyright litigation.

25.   <u>Predominance</u> – Questions of law and fact common to the class predominate over any questions affecting only individual class members.

26.   <u>Superiority</u> – Class treatment is superior to other options for resolution of the controversy because individual litigation of the claims of all class members is impracticable. The claims of the individual members of the class may range from small sums to larger sums. For those class members with smaller claims, the expense and burden of individual litigation may not justify pursuing the claims individually. Moreover, even if every class member could afford to pursue individual litigation, that would greatly tax the court system, as well as present potential for varying, inconsistent, or contradictory judgments, and magnify the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF CAL. CIV. CODE § 980(a)(2)

27.   Zenbu realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

28.   Pursuant to Cal. Civ. Code § 980(a)(2), Zenbu and members of the putative class possess exclusive ownership interests in and to pre-1972 sound recordings, including the artistic performances embodied in those recordings.

29.     Through its unauthorized reproduction, performance, distribution, or other exploitation via its Music Unlimited of pre-1972 sound recordings (including the Zenbu Recordings), Sony has infringed Zenbu's and the class members' exclusive ownership interests in and to the pre-1972 recordings, in violation of Cal. Civ. Code § 980(a)(2).

30.     As a direct and proximate consequence of Sony's violation of Cal. Civ. Code § 980(a)(2), Sony has received and retained money and value that rightfully belong to Zenbu and members of the class.

31.     As a direct and proximate consequence of Sony's violation of Cal. Civ. Code § 980(a)(2), Zenbu and members of the class have been damaged in an amount that is not yet fully ascertained, but which likely is many millions of dollars.

## SECOND CAUSE OF ACTION

## VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*

32.     Zenbu realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

33.     The Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

### Unfair

34.     Sony's conduct as alleged herein was unfair because its conduct was immoral, unethical, unscrupulous, or substantially injurious and the utility of its conduct, if any, did not outweigh the gravity of the harm to its victims.

35.     Sony's conduct as alleged herein was also unfair because it violates public policy as declared by specific constitutional, statutory, or regulatory provisions, including without limitation Cal. Civ. Code § 980(a)(2).

### Unlawful

36.     Sony's conduct as alleged herein was "unlawful" within the meaning of the UCL because it was in violation of Cal. Civ. Code § 980(a)(2).

8

### THIRD CAUSE OF ACTION
### MISAPPROPRIATION

37. Zenbu realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

38. Pursuant to Cal. Civ. Code § 980(a)(2) and California common law, Zenbu and members of the class possess exclusive ownership interests in and to the pre-1972 sound recordings, including the artistic performances embodied in those recordings.

39. Zenbu and members of the class, and their predecessors in interest, invested substantial time and money developing the pre-1972 sound recordings reproduced, performed, distributed, and otherwise exploited by Sony via Music Unlimited.

40. Because Sony does not obtain licenses to pre-1972 sound recordings, it does not incur any of the costs that a licensee is otherwise obligated to pay in order to reproduce, perform, distribute or otherwise exploit via the Music Unlimited pre-1972 recordings.

41. Sony has misappropriated, and continues to misappropriate, for its own commercial benefit, the exclusive ownership interests in and to the pre-1972 sound recordings, by reproducing, performing, distributing, or otherwise exploiting via the Music Unlimited pre-1972 recordings.

42. As a direct and proximate consequence of Sony's misappropriation, Sony has received and retained money and value that rightfully belongs to Zenbu and members of the class.

43. As a direct and proximate consequence of Sony's violation of Cal. Civ. Code § 980(a)(2), Zenbu and members of the class have been damaged in an amount that is not yet fully ascertained, but which likely is many millions of dollars.

44. Sony acted with oppression, fraud, or malice. Sony's conduct was undertaken in conscious disregard of the rights of Zenbu and each member of the class. Accordingly, Zenbu and each member of the class is entitled to an award of punitive damages against Sony in an

amount sufficient to punish and make an example of Sony, so as to discourage Sony and others from engaging in the same behavior in the future.

## FOURTH CAUSE OF ACTION

## CONVERSION

45.     Zenbu realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

46.     Pursuant to Cal. Civ. Code § 980(a)(2) and California common law, Zenbu and members of the class possess exclusive ownership interests in and to the pre-1972 sound recordings, including the artistic performances embodied in those recordings.

47.     By reproducing, performing, distributing or otherwise exploiting via the Music Unlimited pre-1972 sound recordings, Sony has converted for its own use the property rights of Zenbu and each member of the class, in the pre-1972 recordings, and has dispossessed Zenbu and each member of the class of their property rights.

48.     As a direct and proximate result of its conversion, Sony has received and retained money and value that rightfully belongs to Zenbu and members of the class.

49.     As a direct and proximate consequence of Sony's violation of Cal. Civ. Code § 980(a)(2), Zenbu and members of the class have been damaged in an amount that is not yet fully ascertained, but which likely is many millions of dollars.

50.     Sony acted with oppression, fraud, or malice. Sony's conduct was undertaken in conscious disregard of the rights of Zenbu and each member of the class. Accordingly, Zenbu and each member of the class is entitled to an award of punitive damages against Sony in an amount sufficient to punish and make an example of Sony, so as to discourage Sony and others from engaging in the same behavior in the future.

## **PRAYER FOR RELIEF**

51.     Wherefore, Zenbu, on behalf of itself, all others similarly situated, and the general public, prays for judgment against Sony as to each and every cause of action, including:

*Zenbu Magazines LLC v. Sony Computer Entertainment America LLC et al.*, No. 15-cv-310
CLASS ACTION COMPLAINT

a. An Order declaring this action to be a proper class action, appointing Zenbu and its counsel to represent the class, and requiring Sony to bear the cost of class notice;

b. An Order permanently enjoining Sony from, without license, reproducing, performing, distributing, or otherwise exploiting via the Music Unlimited pre-1972 sound recordings;

c. An Order permanently enjoining Sony, and its agents, servants, directors, officers, principals, employees, representative, subsidiaries, parents, affiliates, successors, assigns, and those acting in concert with them or at their direction, from infringing, misappropriating, or converting, directly or indirectly, Zenbu's and the class members' exclusive ownership interests in and to the pre-1972 sound recordings, including the artistic performances embodied in those recordings, including without limitation by directly or indirectly reproducing, performing, distributing, or otherwise exploiting via the Music Unlimited the pre-1972 recordings;

d. An Order requiring Sony to pay Zenbu and the class compensatory damages on any cause of action where such damages are allowable;

e. An Order requiring Sony to pay Zenbu and the class restitution to restore all funds acquired by means of any act or practice declared by the Court to be unlawful or unfair;

f. An Order requiring Sony to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

g. An Order requiring Sony to pay punitive damages on any causes of action so allowable if Zenbu proves Sony's conduct was knowing, willful, malicious, oppressive, or reckless;

h. An Order requiring Sony to pay pre- and post-judgment interest on any monetary amounts awarded;

*Zenbu Magazines LLC v. Sony Computer Entertainment America LLC et al.*, No. 15-cv-310
CLASS ACTION COMPLAINT

i.   An Order requiring Sony to pay fees and costs, including reasonable attorneys' fees, incurred in pursuing this action; and

j.   An Order providing for all other such equitable relief as may be just and proper.

## JURY DEMAND

52.   Zenbu hereby demands a trial by jury on all issues so triable.


Dated: January 22, 2015          /s/ *Jack Fitzgerald*
                                 By: Jack Fitzgerald
                                 **THE LAW OFFICE OF JACK FITZGERALD, PC**
                                 JACK FITZGERALD (SBN 257370)
                                 *jack@jackfitzgeraldlaw.com*
                                 TREVOR M. FLYNN (SBN 253362)
                                 *trevor@jackfitzgeraldlaw.com*
                                 TRAN NGUYEN (SBN 301593)
                                 *tran@jackfitzgeraldlaw.com*
                                 Hillcrest Professional Building
                                 3636 Fourth Avenue, Suite 202
                                 San Diego, California 92103
                                 Phone: (619) 692-3840
                                 Fax: (619) 362-9555

                                 *Counsel for Plaintiff Zenbu Magazines LLC*
                                 *and the Putative Class*

*Zenbu Magazines LLC v. Sony Computer Entertainment America LLC et al.*, No. 15-cv-310
CLASS ACTION COMPLAINT